UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                          CASE NO. 2:06-cv-11167
                                           HONORABLE MARIANNE O. BATTANI

JERI-ANN SHERRY, MICHIGAN
DEPARTMENT OF CORRECTIONS,
MICHIGAN PAROLE BOARD, and
THIRD JUDICIAL CIRCUIT COURT,

        Respondents.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)**

      Petitioner Derrick Lee Smith has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner who pleaded guilty in 1998 to third-degree criminal sexual conduct. The pending habeas petition challenges procedures used by the Michigan Parole Board. Petitioner alleges that the Parole Board has used false information to deny him release on parole. Specifically, Petitioner contends that the Parole Board erroneously concluded that he was on probation when he committed the crime for which he is incarcerated.

      Petitioner raised the same issue in a habeas petition filed last year. United States District Judge Paul D. Borman summarily denied that petition with prejudice on the ground that Petitioner had no right to parole under state or federal law and, therefore, his claim was not cognizable on federal habeas review. *See Smith v. Vasbinder*, No. 05-CV-72557-DT (E.D. Mich. July 11, 2005).

      An individual seeking to file a second or successive habeas petition must first ask the

appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The United States Court of Appeals for the Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not alleged or otherwise demonstrated that he received permission from the Court of Appeals to file a second or successive habeas petition raising the same issue. Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

    s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2006

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.